UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT F. PONTE,

    Plaintiff,

v.

CHASE BANK USA, N.A, *et al.*,

    Defendants.

Case No.: 12-13901
Hon. Sean F. Cox

---

### MARY JANE M. ELLIOTT, P.C.'S ANSWER TO THE COMPLAINT & DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant, Mary Jane M. Elliott, P.C., ("Defendant") hereby answers the Plaintiff's Complaint as follows:

1. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

2. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

3. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

4. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

5. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

6. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

7. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

8. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

9. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

10. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

11. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

12. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph

as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

13. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

14. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

15. This Defendant can neither admit nor deny this allegation for the reason that this information is not within the Defendant's possession, custody or control.

16. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

17. This Defendant can neither admit nor deny this allegation for the reason that this information is not within the Defendant's possession, custody or control.

18. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

19. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

20. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

21. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

22. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

23. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

24. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

25. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

26. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

27. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

28. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph

as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

29. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

30. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

31. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

32. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

33. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

34. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

35. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

36. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

37. This Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

38. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

39. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

40. This Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.\

41. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

42. This allegation calls for a conclusion of law and as such, no response is required. To the extent an answer is required, the orders identified in the recited case is the best evidence of those orders. To the extent is required, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

43. This Defendant can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

44. This Defendant denies the allegation for the reason it is not true.

## FIRST CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

45. This Defendant incorporates by reference all prior responses as if fully set forth herein.

46. This allegation calls for a conclusion of law, as such no response is required, to the extent an answer is required, this Defendant denies the allegation for the reason it is not true.

47. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required.  To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

48. This Defendant denies this allegation for the reason it is not true.

49. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required.  To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

50. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required.  To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

51. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required.  To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

### PRAYER FOR RELEIF

Defendant prays for a finding of no cause of action, dismissal of the complaint and attorney fees and costs incurred in responding to the same pursuant to applicable law.

### SECOND CAUSE OF ACTION
### (RICO, 18 USC § 1691, *et seq.*)

52. This Defendant incorporates by reference all prior responses as if fully set forth herein.

53. This allegation calls for a conclusion of law, as such no response is required, to the extent an answer is required, this Defendant denies the allegation for the reason it is not true.

54. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

55. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

56. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

57. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

## PRAYER FOR RELEIF

Defendant prays for a finding of no cause of action, dismissal of the complaint and attorney fees and costs incurred in responding to the same pursuant to applicable law.

### (Violation of 18 USC § 1341 (Mail Fraud))

This Defendant incorporates by reference all prior responses as if fully set forth herein.

a. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

b.  This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

c.  This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

d.  This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

## PRAYER FOR RELEIF

Defendant prays for a finding of no cause of action, dismissal of the complaint and attorney fees and costs incurred in responding to the same pursuant to applicable law.

### Violation of 18 USC § 1951 (Interference with Commerce by Threat)

This Defendant incorporates by reference all prior responses as if fully set forth herein.

This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

Violation of 18 USC § 1952 (Use of Facility in Aid of Racketeering Enterprise)

This Defendant incorporates by reference all prior responses as if fully set forth herein.

This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

This Defendant incorporates by reference all prior responses as if fully set forth herein.

58. This allegation appears to be directed towards Defendant James Dimon, therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

59. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

60. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

61. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

62. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

63. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

64. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

65. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

66. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

## PRAYER FOR RELEIF

Defendant prays for a finding of no cause of action, dismissal of the complaint and attorney fees and costs incurred in responding to the same pursuant to applicable law.

## THIRD CAUSE OF ACTION
### (TILA, 15 USC § 1601, *et seq.*)

67. This Defendant incorporates by reference all prior responses as if fully set forth herein.

68. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

69. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

70. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

71. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph

as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

72. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

### PRAYER FOR RELEIF

Defendant prays for a finding of no cause of action, dismissal of the complaint and attorney fees and costs incurred in responding to the same pursuant to applicable law

### FOURTH CAUSE OF ACTION
### (Michigan Collections Practices Act (MDCPA), MCL 445.251, *et seq.*)

73. This Defendant incorporates by reference all prior responses as if fully set forth herein.

74. This allegation calls for a legal conclusion, to the extent an answer is required, this Defendant can neither admit nor deny this as information necessary to respond to this allegation is not within this Defendant's possession, custody or control.

75. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

76. This allegation, including all subparagraphs contained therein, appear to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required to the paragraph and each subpart, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

77. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

78. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

### PRAYER FOR RELEIF

Defendant prays for a finding of no cause of action, dismissal of the complaint and attorney fees and costs incurred in responding to the same pursuant to applicable law

### FIFTH CAUSE OF ACTION
### (Michigan Consumer Protection Act (MCPA), MCL 445.901, et seq.)

79. This Defendant incorporates by reference all prior responses as if fully set forth herein.

80. This allegation calls for a legal conclusion, to the extent an answer is required, this Defendant can neither admit nor deny this as information necessary to respond to this allegation is not within this Defendant's possession, custody or control.

81. This allegation calls for a legal conclusion, to the extent an answer is required, this Defendant can neither admit nor deny this as information necessary to respond to this allegation is not within this Defendant's possession, custody or control.

82. This allegation, including all subparagraphs contained therein, appear to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required to the paragraph and each subpart, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

83. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

84. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

85. This allegation appears to be directed towards Defendant Chase Bank USA, NA., therefore, no answer from this Defendant is required. To the extent an answer is required, this Defendant, can neither admit nor deny this paragraph as the information necessary to respond to this allegation is not within the Defendant's possession, custody or control.

### PRAYER FOR RELEIF

Defendant prays for a finding of no cause of action, dismissal of the complaint and attorney fees and costs incurred in responding to the same pursuant to applicable law

### SIXTH CAUSE OF ACTION
### (Fair Debt Collection Practices Act (FDCPA), 15 USC 1692, *et seq.*)

86. This Defendant incorporates by reference all prior responses as if fully set forth herein.

87. This Defendant can neither admit nor deny this allegation as this Defendant is unaware of the Plaintiff's use of the account.

88. Defendant denies this allegation for the reason that it contains a misstatement of law.

89. Defendant denies this allegation for the reason it is not true.

   a. Defendant denies this allegation for the reason it is not true.
   b. Defendant denies this allegation for the reason it is not true.
   c. Defendant denies this allegation for the reason it is not true.
   d. Defendant denies this allegation for the reason it is not true.
   e. This is paragraph does not present the Court with a factual allegation, but rather, a speculative assertion. To the extent an answer is required, this Defendant denies the allegation for the reason it is not true.

### PRAYER FOR RELEIF

Defendant prays for a finding of no cause of action, dismissal of the complaint and attorney fees and costs incurred in responding to the same pursuant to applicable law

### SEVENTH CAUSE OF ACTION
### (Michigan Consumer Protection Act (MCPA), MCL 445.901, et seq.)

90. This Defendant incorporates by reference all prior responses as if fully set forth herein.

91. This allegation calls for a legal conclusion, to the extent an answer is required, this Defendant can neither admit nor deny this as information necessary to respond to this allegation is not within this Defendant's possession, custody or control.

92. Defendant denies the allegation for the reason it is not true.

   a. Defendant denies this allegation for the reason it is not true.
   b. Defendant denies this allegation for the reason it is not true.
   c. Defendant denies this allegation for the reason it is not true.
   d. Defendant denies this allegation for the reason it is not true.
   e. This is paragraph does not present the Court with a factual allegation, but rather, a speculative assertion. To the extent an answer is required, this Defendant denies the allegation for the reason it is not true.

93. Defendant denies this allegation for the reason it is not true.

94. Defendant denies this allegation for the reason it is not true.

95. Defendant denies this allegation for the reason it is not true.

### RELIANCE UPON JURY DEMAND

Defendant hereby relies upon the jury demand previously filed with the Court.

### PRAYER FOR RELEIF

Defendant prays for a finding of no cause of action, dismissal of the complaint and attorney fees and costs incurred in responding to the same pursuant to applicable law

RESPECTFULLY SUBMITTED,
MARY JANE M. ELLIOTT, P.C.

By: /s/ Brian C. Truba
Brian C. Truba, Attorney for Defendant
Bar No. P61752
Mary Jane M. Elliott, P.C.,
24300 Karim Blvd.
Novi, MI 48375
TEL: 248-306-2000 ext 103

Dated: September 19, 2012

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, Mary Jane M. Elliott, P.C., and states for its affirmative defenses states as follows:

1. To the extent that any violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error not withstanding maintenance of procedures reasonably adapted to avoid any such error.

2. Some or all of the Plaintiff(s) claims are barred by the statute of limitations.

3. Plaintiff failed to state a cause of action against this Defendant.

4. Plaintiff failed to allege a factual basis to hold this Defendant liable on the counts attributed to this Defendant.

5. The Plaintiff is inappropriately attempting to impute the knowledge and information of Co-Defendants onto this Defendant in order to hold this Defendant liable for the allegations set forth herein.

6. Plaintiff's Complaint, in each if the counts, fails to state a claim upon which relief can be granted.

7. The Plaintiff(s) failed to mitigate his damages.

8. There are insufficient facts plead to warrant some or all of the relief being requested.

9. This Defendant, acting in its capacity as counsel for Co-Defendant, relied upon its client's assertion as to the existence, amount and legal status of the Plaintiff's debt.

10. This Defendant reserves the right to add additional affirmative defenses as they become known.

                              RESPECTFULLY SUBMITTED,
                              MARY JANE M. ELLIOTT, P.C.

                              By: /s/ Brian C. Truba
                              Brian C. Truba, Attorney for Defendant
                              Bar No. P61752
                              Mary Jane M. Elliott, P.C.,
                              24300 Karim Blvd.
                              Novi, MI 48375
                              TEL: 248-306-2000 ext 103

Dated: September 19, 2012

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT F. PONTE,

      Plaintiff,

Case No. 12-13901

Hon. Sean F. Cox

v.

CHASE BANK USA, N.A. *et al.*,

      Defendants,
_____/

| | |
|---|---|
| Robert F. Ponte (P23218) | Brian C. Truba (P61752) |
| Plaintiff In Pro Per | Attorney for Plaintiff |
| 220 W. Middle Street | Mary Jane M. Elliott, P.C. |
| Chelsea, MI 48118 | 24300 Karim Blvd. |
| 734/475-9191 | Novi, MI 48375 |
| | 248/306-2000 |

## PROOF OF SERVICE

The undersigned states that on the 28th day of September 2012, she caused to be filed a copy of:

    Mary Jane M. Elliott, P.C.'s Answer to the Complaint & Defendant's Affirmative Defenses

Electronically using the Court's system which will automatically send notice to those parties who have appeared and are registered.

/s/Christina LaMothe
CHRISTINA LAMOTHE