UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Robert F. Ponte,

    Plaintiff,

v.                                                       Case No. 12-13901

Chase Bank USA, N.A., *et al.*,              Honorable Sean F. Cox

    Defendants.

_____/

**ORDER
DENYING PLAINTIFF'S MOTION TO RETAIN SUPPLEMENTAL JURISDICTION
OVER STATE LAW CLAIMS (DOCKET ENTRY NO. 27) AND
DISMISSING STATE-LAW CLAIMS IN PLAINTIFF'S AMENDED COMPLAINT
WITHOUT PREJUDICE.**

On September 4, 2012, Plaintiff Robert F. Ponte, an attorney representing himself, filed this action against Defendants. Plaintiff's complaint contains the following counts: "Breach of Implied Covenant of Good Faith and Fair Dealing", labeled as "First Cause of Action"; "RICO", labeled as "Second Cause of Action"; "TILA", labeled "Third Cause of Action,"; "Michigan Collection Practices Act", labeled as "Fourth Cause of Action"; "Michigan Consumer Protection Act", labeled as "Fifth Cause of Action"; "Fair Debt Collection Practices Act", labeled as "Sixth Cause of Action"; and "Michigan Consumer Protection Act", labeled as "Seventh Cause of Action." (Docket Entry No. 1).

On September 25, 2012, this Court issued an Order declining to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismissed Plaintiff's First, Fourth, Fifth, and Seventh causes of action without prejudice. (Docket Entry No. 7).

1

On March 19, 2013, Plaintiff filed: 1) an Amended Complaint (Docket Entry No. 26), which asserts a state-law claim for breach of implied covenant of good faith and fair dealing, along with state-law claims based upon the Michigan Collection Practices Act and the Michigan Consumer Protection Act; and 2) a "Motion To Retain Supplemental Jurisdiction Over All State Law Claims" (Docket Entry No. 27).

The Court finds that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without oral argument.

The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when:

> 1) the claim raises a novel or complex issue of State law;
> 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> 3) the district court has dismissed all claims over which it has original jurisdiction, or
> 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Having reviewed Plaintiff's Motion to Retain Supplemental Jurisdiction, and Plaintiff's Amended Complaint, and Plaintiff's RICO Case Statement, this Court continues to conclude that Plaintiff's state-law claims predominate. 28 U.S.C. § 1367(c)(2). In addition, the Court finds that the potential for jury confusion in this case would be great if Plaintiff's federal claims were presented to a jury along with Plaintiff's state-law claims. Thus, the potential for jury confusion is yet another reason that warrants declining to exercise supplemental jurisdiction over Plaintiff's

state-law claims.  *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Padilla v. City of Saginaw*, 867 F.Supp. 1309 (E.D. Mich. 1994); 28 U.S.C. § 1367(c)(4).

Accordingly, IT IS ORDERED that Plaintiff's Motion to Retain Jurisdiction Over All State Law Claims (Docket Entry No. 27) is DENIED WITH PREJUDICE.

IT IS FURTHER ORDERED that this Court DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION over Plaintiff's state-law claims and all state-law claims contained in Plaintiff's Amended Complaint are hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  April 8, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 8, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager